UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| WINDWATCH HOMEOWNERS ASSOCIATION, a Washington Non-Profit Corporation,<br><br>Plaintiff,<br>v.<br><br>HDI GLOBAL INSURANCE COMPANY, an Illinois Corporation; and DOE INSURANCE COMPANIES 1-10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF AND MONETARY DAMAGES<br><br>JURY DEMAND |

Plaintiff the Windwatch Homeowners Association (the "Association") alleges as follows:

### I. INTRODUCTION

1.1     This is an action for declaratory judgment and monetary damages, seeking:

(A)     A declaration of the rights, duties, and liabilities of the parties with respect to certain controverted issues under insurance policies issued to the Association, respectively, by HDI Global Insurance Company (collectively "HDI"). The Association is seeking a ruling that the HDI policies provide coverage for the damage at the Windwatch Condominium and that the above listed insurers are liable for money damages for the cost of investigating and repairing the damage at the Windwatch Condominium.

(B)     Attorneys' fees (including expert witness fees) and costs.

(C)     Any other relief the Court deems just and equitable.

## II. PARTIES AND INSURANCE CONTRACTS

2.1     <u>The Association</u>.  The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Seattle, Washington. The Association is organized under the laws of the State of Washington. The Association has the duty to maintain the common elements and any limited common elements of the Windwatch Condominium for the common enjoyment of the unit owners. The Windwatch Condominium consists of one (1) buildings with twenty (20) residential units located Seattle, King County, Washington.

2.2     <u>HDI.</u> HDI Global Insurance Company ("HDI") is an Illinois domiciled insurer with its principle place of business in Chicago, Illinois. HDI sold property insurance Policy Nos. GK07X001596-00 (in effect from February 7, 2016 through February 7, 2017); GK07X001596-01 (in effect from February 7, 2017 through February 7, 2018); GK07X001596-02 (in effect from February 7, 2018 through February 7, 2019); ); GK07X002011-00 (in effect from February 7, 2020 through February 7, 2021); ); GK07X002011-01 (in effect from February 7, 2021 through February 7, 2022); to the Association. The Association is seeking coverage under all HDI policies issued to the Association or covering the Windwatch Condominium at any time.

2.3     <u>Doe Insurance Companies 1-10.</u>  Doe Insurance Companies 1-10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Windwatch Condominium as covered property.

2.4     <u>Windwatch Insurers</u>.  HDI and Doe Insurance Companies 1-10 shall be collectively referred to as the "Windwatch Insurers."

2.5     <u>Windwatch Policies</u>. The policies issued to the Association by the Windwatch Insurers shall be collectively referred to as the "Windwatch Policies."

## III. JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as the Windwatch Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, occurred in King County; and the insured condominium building is located in King County.

## IV.  FACTS

4.1  <u>Incorporation by Reference</u>. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2  <u>Tender to HDI</u>. In December 2021, the Association tendered an insurance claim to HDI for recently discovered hidden damage to underlying building components at the Windwatch Condominium. The Association requested that Windwatch investigate for any additional hidden damage at the Windwatch Condominiums.

4.3  <u>Joint Intrusive Investigation</u>. The Association retained a building envelope consultant, Evolution Architecture ("Evolution") to investigate the extent of hidden damage at the Windwatch Condominium. Evolution, in conjunction with the Association's historic property insurers, including HDI, subsequently performed an intrusive investigation at the Windwatch Condominiums. The joint intrusive investigation revealed system-wide damage to the underlying building components including, but not limited to, the sheathing and framing at the Windwatch Condominiums. According to Evolution, hidden damage at the Windwatch Condominiums has occurred incrementally and progressively each year, and some new damage commenced during each year of the Windwatch Policies. It is expected that similar levels of damage would be found at other locations not investigated at the Windwatch Condominiums. The Association's experts have opined that the cost to repair the hidden damage at the Windwatch Condominiums is in excess of $2,800,000.00, well over the jurisdictional limit of $75,000.

## V.  **FIRST CLAIM AGAINST THE WINDWATCH INSURERS FOR DECLARATORY RELIEF THAT THE WINDWATCH POLICIES PROVIDE COVERAGE**

5.1  <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.2, above, as if fully set forth herein.

5.2     Declaratory Relief. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues that:

(A)     The Windwatch Policies cover the damage to weather-resistive barrier, exterior sheathing, and framing at the Windwatch Condominium.

(B)     No exclusions, conditions, or limitations bar coverage under the Windwatch Policies.

(C)     The loss or damage to the Windwatch Condominium was incremental and progressive. New damage commenced during each year of the Windwatch Policies.

(D)     As a result, the Windwatch Policies cover the cost of investigating and repairing the weather-resistive barrier, exterior sheathing, and framing at the Windwatch Condominium.

## VI.     PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

6.1     Declaratory Judgment Regarding Coverage.  A declaratory judgment that the Windwatch Policies provide coverage as described herein and that the Windwatch Insurers are obligated to pay money damages to repair the hidden damage at the Windwatch Condominium.

6.2     Money Damages. For money damages in an amount to be proven at trial.

6.3     Attorneys' Fees and Costs of Suit.  For reasonable attorneys' fees (including expert fees) and costs. *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

6.4     Other Relief.  For such other and further relief as the Court deems just and equitable.

## VII.     DEMAND FOR JURY TRIAL

7.1     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

DATED this 1st day of November, 2023.

**STEIN, SUDWEEKS & STEIN, PLLC**

*/s/ Jerry H. Stein*
*/s/ Justin D. Sudweeks*
*/s/ Daniel J. Stein*
*/s/ Cortney M. Feniello*
Jerry H. Stein, WSBA 27721
Justin D. Sudweeks, WSBA 28755
Daniel J. Stein, WSBA 48739
Cortney M. Feniello, WSBA 57352
16400 Southcenter Pkwy, Suite 410
Tukwila, WA 98188
Email: jstein@condodefects.com
         justin@condodefects.com
         dstein@condodefects.com
         cfeniello@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660
***Attorneys for Plaintiff***